# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIM. ACTION NO. 16-015-CG-MU |
| JOSE SOLIS, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Jose Solis' ("Solis"), "Motion for Miscellaneous" seeking compassionate release/reduction of sentence pursuant to Title 18 U.S.C. § 3582(c)(1)(A) and the First Step Act, or early release to home confinement. (Doc. 78). After consideration of the petition and for the reasons set forth hereinbelow, the motion is DENIED.

## I. BACKGROUND

On April 26, 2016, Jose Solis pled guilty to Count I of his Indictment charging the offense of conspiracy to possess with the intent to distribute cocaine in violation of Title 21, U.S.C. § 846. (Doc. 38). On July 27, 2016, he was sentenced to 120 months' imprisonment. (Doc. 51). On August 10, 2016, Solis' sentence was amended to 110 months. (Doc. 57). Solis' conviction and sentence were affirmed on appeal on January 9, 2018 (Doc. 75) and he was denied certiorari review on October 1, 2018 (Doc. 77).

On March 25, 2019, Solis filed the instant motion seeking his release or a

reduction of his sentence. (Doc. 78). Therein, Solis asserts his sentence should be reduced based on the First Step Act and 18 U.S.C. § 3582(c)(1)(A). (Doc. 78). Solis does not indicate whether he pursued his request for compassionate release with the Bureau of Prisons ("BOP").

According to Solis, he meets all of the requirements of the First Step Act for his sentence to be reduced. (*Id*.) Namely, he was convicted of an offense that is not a crime of violence, sex offense, etc., it was his first felony, he is not a danger to himself or the community, and his post sentence conduct supports a reduction. (*Id*. at 2). Solis also asserts he is eligible for compassionate release because he is 61 years-old with various health problems, including a previous back and knee surgery, high blood pressure, bad circulation, and "thyroides". (*Id*.) He points out that prior to the instant conviction he "never had a sanction or another felony", that he is not a danger to the community and that since being incarcerated he has worked to improve his skills to become a better person and has not been disciplined. (*Id*. at 4). He has also completed a drug program and participated in INEA, welding, and culinary classes. (*Id*.) Lastly, Solis, who is a permanent resident, indicates that he is not subject to deportation due to his conviction. (*Id*. at 5).

## II. ANALYSIS

Solis' motion also seeks compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A) based on his age, the type of crime he committed, his lack of criminal history, and his conduct while incarcerated. (Doc. 78).

Under 18 U.S.C. § 3582(c)(1)(A),

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1) (emphasis added). Solis' motion fails to state that he has requested compassionate release from the BOP or otherwise exhausted his administrative remedies such that his is entitled to relief pursuant to § 3582(c)(1)(A). Accordingly, Solis has not shown that he is entitled to relief in the instant action. *See* First Step Act of 2018, P.L. 115-391, § 603(b)(1). *See e.g., United States v. Estrada Elias*, 2019 WL 2193856, *2 (E.D. Kentucky May 21, 2019) (The First Step Act of 2018 expands the criteria for compassionate release ... but it does not alter the requirement that prisoners must first exhaust administrative

3

remedies before seeking judicial relief.); *Guzman v. U.S.*, 2019 WL 1966106, *2 (E.D. Tennessee May 2, 2019)(same). As such his motion is due to be denied.

Even assuming that Solis has satisfied § 3582(c)(1)'s exhaustion requirement, he has not shown that he qualifies for relief based on either age under subsection (ii) or extraordinary and compelling circumstances under subsection (i). First, Solis does not meet the requirements for relief under § 3582(c)(1)(A)(ii) because as his motion states, he is 61 years old. However, § 3582(c)(1)(A)(ii) requires a defendant to be 70 years of age or older. The record also reflects that Solis has not served at least 30 years in prison and the BOP has not made a determination that he is not a danger to the safety of any other person or the community. Accordingly, Solis is not entitled to relief under § 3582(c)(1)(A)(ii).

Solis has likewise failed to show that extraordinary and compelling reasons warrant a reduction under § 3582(c)(1)(A)(i). The United States Sentencing Guidelines provide that "extraordinary and compelling reasons" exist due to a defendant's medical condition or age when the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)3 and:

> (A) Medical Condition of the Defendant –
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) ....
>
>> (ii) The defendant is –
>>
>>> (I) suffering from a serious physical or medical condition,

4

> > (II) suffering from a serious functional or cognitive impairment, or
>
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> > that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. – The defendant (i) is at least 65 years old;
>
> > (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.C. § 1B1.13, application note 1; see also 28 U.S.C. § 994 (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Solis asserts that he should be compassionately release because he is 61 years old, has had back and knee surgery, and has high blood pressure, bad circulation, and "Thyroides". (Doc. 78 at 3). However, it is clear that his age fails to satisfy the age requirement of 65 years old and his motion wholly fails to indicate, much less provide documentation, that Solis' medical conditions qualify him for compassionate release. As such, Solis has not shown that he is entitled to the relief he requests.[1] Lastly, to the extent that Solis' motion seeks pre-release custody/home confinement, no relief is available because Section 3582(c)(1)(B) only permits courts to modify an imposed "term" of imprisonment, and not the method of incarceration which is determined solely by the Bureau of

---

[1] Because Solis has not shown that he qualifies for relief a discussion of the section 3553(a) are not warranted.

Prisons. *United States v. Clark*, 2019 WL 1052020, *3 (W.D. North Carolina, March 5, 2019) citing to *Tapia v. United States*, 564 U.S. 319, 331 (2011) ("[a] sentencing court can recommend that the BOP place an offender in a particular facility or program ... [b]ut decisionmaking authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment....").

## IV. CONCLUSION

For the reasons stated hereinabove above, Solis' motion (Doc. 78) is DENIED.

**DONE** and **ORDERED** this 17th day of June, 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE